[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 30, 1992 Date of Application June 30, 1992 Date Application Filed July 1, 1992 Date of Decision November 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR91-196401;
Denise Derby, Esq., Defense Counsel, for Petitioner.
Bradford J. Ward, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury petitioner was convicted of assault in the first degree in violation of General Statutes53a-59(a)(1) and criminal liability for assault in the first degree in violation of of General Statutes 53a-8 and53a-59(a)(1). As a consequence of such conviction concurrent sentences of seven years were imposed on each count. The CT Page 46 total effective sentence was seven years.
The facts underlying petitioner's conviction indicate that on May 12, 1991 at about 5:00 a.m. petitioner and three other people attempted to gain entry into an after-hours club. A male, on instructions from the owner, denied petitioner's group entry. When petitioner began banging on the window demanding to be allowed to enter the male went outside to request her to stop. As he turned to return to the club petitioner swore at him and stabbed him causing a serious physical injury.
He was also stabbed by petitioner's daughter.
Petitioner's attorney requested a reduction of the sentence. A five year sentence was recommended. The attorney argued that petitioner's daughter was the culpable party and much exculpatory testimony was expected at trial. However, the daughter became involved in another assault and fled the jurisdiction before the exculpatory evidence could be introduced. The attorney also argued that the crime resulted from petitioner's drug involvement and she was in bad health.
The state's attorney argued against any reduction. He stressed the seriousness of the crime and petitioner's criminal record.
In this case the sentencing judge was required to impose sentence on petitioner a thirty-two year old woman with a serious criminal record. The judge commented on the gravity of the offense and the injuries inflicted. The judge also noted that, in connection with a prior offense, petitioner had been returned to prison after violation of probation and that this offense occurred while she was on home release. The conclusion by the sentencing judge that petitioner was incapable of conforming her conduct to the standards of society and that she was a poor candidate for probation is amply supported by the record.
Considering all of the factors involved it cannot be found that the sentence is inappropriate or disproportionate in light of the scope of review imposed by Connecticut Practice Book 942.
The sentence is affirmed. CT Page 47
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.